IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSASENE WATSON, *et al.*,
    *Plaintiffs*,

v.

MONUMENTAL GROUP, *et al.*,
    *Defendants*.

Case No. 25-cv-2194-ABA

**MEMORANDUM OPINION and ORDER**

Plaintiffs have sued Monumental Group, an individual Monumental Group employee, and the State of Maryland alleging various civil rights claims. ECF No. 13. Plaintiffs have also filed a motion to appoint counsel. ECF No. 9. In their motion, Plaintiffs state that they "have diligently prepared and presented the complaint, affidavits, and documentary evidence but cannot adequately represent themselves at trial without counsel." *Id*. at 1.

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court has previously granted Plaintiffs' motion to proceed *in forma pauperis*. ECF No. 16. However, in general, indigent parties lack a right to counsel in civil matters. *Valcarcel v. ABM Indus./Diversico Indus*., 383 F. Supp. 3d 562, 564 (M.D.N.C. 2019) ("This is a civil case. As such, [Plaintiff] is not constitutionally entitled to appointment of counsel."). Instead, to be appointed counsel under § 1915, "a plaintiff must show that his case is one with exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *see also Wilkins v. Stone*, Case No. 24-6971, 2025 WL 3252314, at *1 (4th Cir. Nov. 21, 2025) (affirming a district court's denial of a motion to appoint counsel where the pro se party "had not

1

shown exceptional circumstances"). "In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself." *Valcarcel*, 383 F. Supp. 3d at 565; *see also First Am. Title Ins. Co. v. Borniva*, Case No. 19-cv-3233-GJH, 2023 WL 1995410, at *2 (D. Md. Feb. 13, 2023) ("The question of whether [exceptional] circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.") (quoting *Braude v. Vilnyanskaya*, Case No. 17-cv-364-ELH, 2017 WL 2131855, at *1 (D. Md. May 17, 2017)).

Here, Plaintiffs have not made the necessary showing of exceptional circumstances. They state that "[t]he case involves complex factual and legal questions" and that they "cannot adequately represent themselves." ECF No. 9 at 1. But Plaintiffs have already filed multiple pleadings and motions, and they do not explain why they are not capable of continuing to litigate the case in a similar manner. *See Zeller v. Yiya Zhou*, Case No. 18-cv-2650-PWG, 2019 WL 2579412, at *1 n.1 (D. Md. June 24, 2019) ("[Plaintiff] has not explained why he is unable to litigate this particular case on his own. His motions and previous filings demonstrate his ability to present the legal and factual basis of his claims or to secure assistance in doing so."). Further, upon review of the amended complaint and Plaintiffs' other filings, the Court is not convinced that the claims here are sufficiently complex to warrant the appointment of counsel. *See Alston v. Lewis*, Case No. 10-CT-3032-FL, 2010 WL 4054461, at *1 (E.D.N.C. Oct. 14, 2010) ("The existence of exceptional circumstances depends upon 'the type and complexity of the case, and the abilities of the individuals bringing it.'") (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

In addition to their motion to appoint counsel, Plaintiffs have also submitted a filing titled "Motion for Status and Motions to Expedite Ruling and Special Appearance." ECF No. 14 at 1. In this motion, Plaintiffs requested that the Court provide an update on service and grant Plaintiffs injunctive relief that they had sought in their amended complaint. *Id.* at 3; *see also* ECF No. 13 at 5 (requesting "[i]njunctive relief against Monumental Group and its agents" without further explanation). Since this motion, the Court directed the Clerk to issue summons, ECF No. 16, and summonses were later returned as executed on all three Defendants, ECF No. 20. The next stage of the case is for Defendants, if properly served, to submit an answer or response to the complaint. *See* Fed. R. Civ. P. 12.

For these reasons, the Court ORDERS as follows:

1. Plaintiffs' motion to appoint counsel (ECF No. 9) is DENIED;
2. Plaintiffs' motion to expedite ruling (ECF No. 14) is DENIED.

Date:  February 12, 2026                    _____/s/_____
                                             Adam B. Abelson
                                             United States District Judge