**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RUSASENE WATSON, *et al.*,<br>*Plaintiffs*,<br>v.<br>MONUMENTAL GROUP, *et al.*,<br>*Defendants*. | Case No. 25-cv-2194-ABA |

**MEMORANDUM OPINION AND ORDER**

In this civil rights action under 42 U.S.C. § 1983, Plaintiffs Rusasene Watson and Dedrick Pryor have sued Monumental Group, a Monumental Group employee identified as "Ms. Carey," and the State of Maryland for alleged misconduct at an in-patient health facility. The operative amended complaint is ECF No. 13. Service has been returned as to all Defendants, ECF Nos. 20–21, but no Defendant has filed an answer. The Court previously denied Plaintiffs' motions to appoint counsel and for an expedited ruling. ECF No. 21. Following Plaintiffs' renewed motion to appoint counsel and for entry of default, ECF Nos. 22–23, the Court denied the renewed motion to appoint counsel and entered an order to show cause why the case should not be dismissed, ECF No. 24.

The order to show cause noted that "[u]pon review of Plaintiffs' second amended complaint, it appears that the bulk of their claims stem from observation of Defendant Monumental Group's alleged mistreatment of an individual named Tiesha Duvall—not any actions that Monumental Group or any other Defendant took against Plaintiffs specifically," and so Plaintiffs "may lack standing for their claims." ECF No. 24 at 2. The order further noted that "Plaintiffs' allegations at least against Monumental Group and Defendant Carey may fail to state a claim because these Defendants do not appear to have acted under color of state law." *Id.* at 2. Both Plaintiffs and Defendant Monumental

Group filed responses to the order to show cause. ECF No. 25, 26. Plaintiffs' response included a request for leave to amend, and they also later filed an amended complaint. ECF No. 27.

For the reasons below, the Court will grant Plaintiffs' request for leave to file a third amended complaint ("TAC") and dismiss the case for failure to state a claim.

Under 15 U.S.C. § 1915(e)(2)(B), the Court may dismiss on its own initiative a case in which the Plaintiff proceeds in forma pauperis if the action is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." "A 'frivolous' complaint is one lacking an arguable basis either in law or in fact." *Nolan v. Bright*, Case No. 22-cv-196-DKC, 2022WL 717048, at *1 (D. Md. Mar. 10, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). And to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). Plaintiffs are self-represented, so the Court must construe their complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

The TAC drops the claims against the State of Maryland, and is instead brought against Monumental Group and several individuals allegedly employed by Monumental

Group. ECF No. 27 ¶¶ 4–8. The TAC does sufficiently allege that these Defendants can be considered state actors, as it includes allegations about significant state funding and state control over Monumental Group. *Id.* ¶¶ 9–13. But the TAC still mostly focuses on Defendants' alleged failure to provide "appropriate care, intervention, supervision, and protections" regarding another individual, Tiesha Duvall, who subsequently died. *Id.* ¶¶ 19. As the Court explained in its order to show cause, Plaintiffs cannot recover under § 1983 for alleged constitutional violations committed against another individual. ECF No. 24 at 2 (citing *Gill v. Whitford*, 585 U.S. 48, 65 (2018) ("[A] plaintiff may not invoke federal-court jurisdiction unless he can show a personal stake in the outcome of the controversy.") (quotations omitted); *Midgett v. Cooper*, Case No. 20-cv-941, 2021 WL 4973634, at *3 (M.D.N.C. Oct. 26, 2021) ("[A] Section 1983 plaintiff, like any person who claims a deprivation of constitutional or federally-protected rights, must allege some violation of his or her personal rights—not those of another.").

The TAC does allege that Defendants retaliated against Plaintiffs for documenting and/or "issu[ing] formal notice" regarding the treatment of Ms. Duvall. ECF No. 27 ¶¶ 21–26. But Plaintiffs do not specify precisely what this "retaliatory conduct" was, or which Defendant allegedly committed it. The TAC states that Mr. Watson was "subjected to actions involving allegedly unsupported accusations [sic], fugitive treatment despite dismissal of warrant-related status, and overlapping state actions occurring immediately after protected complaints and notices." *Id.* ¶ 25. But it is unclear from the TAC what "fugitive treatment" and "overlapping state actions" means, let alone how it was retaliatory and which individual Defendant specifically committed the actions Plaintiffs complain of. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions.") (quotations and alterations omitted); *see also Justus v. Buchanan Cnty.*, Case No. 25-cv-381, 2026 WL 417720, at *1 (W.D. Va. Feb. 13, 2026) ("A proper complaint must identify each person that violated [the plaintiff's] rights as a defendant, and the plaintiff must specifically describe what actions were taken by each defendant to violate his rights. The complaint should also describe when and where those actions occurred."); *Hedrick v. Morrsey*, Case No. 5:24-cv-97, 2024 WL 3308899, at *3 (N.D.W. Va. May 30, 2024) ("In a civil rights case under § 1983, a plaintiff must make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations[.]"), *report and recommendation adopted*, 2024 WL 2974151 (N.D.W. Va. June 13, 2024). Without these concrete factual allegations, the TAC plainly fails to state a claim, and the Court will dismiss this case pursuant to § 1915.

Accordingly the Court ORDERS as follows:

1. Plaintiffs' motion for entry of default and default judgment (ECF No. 23) is DENIED;
2. Plaintiffs' motion for leave to amend (ECF No. 25) is GRANTED;
3. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE;
4. The Clerk is directed to CLOSE this case.

Date: September 2, 2026

/s/
Adam B. Abelson
United States District Judge